UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-0174

FRED NEKOUEE, individually,                          :
                                                     :
                 Plaintiff,                          :
                                                     :
vs.                                                  :
                                                     :
RPT REALTY, L.P., a Delaware limited                 :
partnership;                                         :
                                                     :
MICHAELS STORES, INC., a Delaware                    :
corporation;                                         :
                                                     :
ROSS DRESS FOR LESS, INC., a Virginia                :
corporation;                                         :
                                                     :
LOWE'S HOME CENTERS, LLC, a North                    :
Carolina limited liability company;                  :
                                                     :
and                                                  :
                                                     :
PETCO ANIMAL SUPPLIES STORES, INC.,                  :
a Delaware corporation;                              :
                                                     :
                 Defendants.                         :
_____:
                                                     :
                                                     :
                                                     /

**COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other

mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues

the Defendants, RPT REALTY, L.P., a Delaware limited partnership; MICHAELS STORES,

INC., a Delaware corporation; ROSS DRESS FOR LESS, INC., a Virginia corporation; LOWE'S

HOME CENTERS, LLC, a North Carolina limited liability company; and PETCO ANIMAL SUPPLIES STORES, INC., a Delaware corporation (sometimes referred to as "Defendants"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.      Defendant RPT Realty, L.P.'s property, the Harvest Junction South shopping center, is located at and near 205 Ken Pratt Boulevard, Longmont, Colorado 80501, in Boulder County ("Harvest Junction South").

3.      Defendant Michaels Stores, Inc.'s store, Michaels, is located in Harvest Junction South ("Michaels").

4.      Defendant Ross Dress for Less, Inc.'s store, Ross Dress for Less, is located in Harvest Junction South ("Ross Dress for Less").

5.      Defendant Lowe's Home Centers, LLC's store, Lowe's, is located at 355 Ken Pratt Boulevard, Longmont, Colorado 80501 ("Lowe's").

6.      Defendant Petco Animal Supplies Stores, Inc.'s store, Petco, is located in Harvest Junction South ("Petco").

7.      Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the property.   The Defendants' property and stores are located in and do business within this judicial district.

8.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

9.     Defendants each own, lease, lease to, or operate a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(E), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

10.    Harvest Junction South is a place of public accommodation.

11.    Michaels is a place of public accommodation.

12.    Ross Dress for Less is a place of public accommodation.

13.    Lowe's is a place of public accommodation.

14.    Petco is a place of public accommodation.

15.    Defendants are responsible for complying with the obligations of the ADA.

16.     Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

17.     Mr. Nekouee travels to the Longmont-Firestone area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

18.     Fred Nekouee has visited the property which forms the basis of this lawsuit on July 31, 2018 and on October 2 and 3, 2018, and he bought goods and sought to avail himself of the goods and services at Harvest Junction South.

19.     Fred Nekouee visited and bought goods at Michaels on July 31, 2018 and on October 2, 2018.

20.     Fred Nekouee visited and bought goods at Ross Dress for Less on July 31, 2018 and on October 2, 2018.

21.     Fred Nekouee visited and bought goods at Lowe's on July 31, 2018.

22.     Fred Nekouee visited and bought goods at Petco on July 31, 2018.

23.     Fred Nekouee visited and bought goods at Marshalls in Harvest Junction South on July 31, 2018.

24.     Fred Nekouee visited and bought coffee from Red Frog Coffee in Harvest Junction South on July 31, 2018.

25.     Fred Nekouee visited and bought food from TGI Friday's in Harvest Junction South on July 31, 2018 and on October 3, 2018.

26.     Fred Nekouee attended a heavy equipment auction in the area on October 3, 2018, and he visited Rocky Mountain National Park on a day trip on October 2, 2018.

27.     Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the property.

28.     The Plaintiff has definite plans to return to the area and to Harvest Junction South, and to some of its stores and restaurants, including Michaels, Ross Dress for Less, Lowe's and Petco, in late January or early February of 2019.

29.     Harvest Junction South, Michaels, Ross Dress for Less, Lowe's, TGI Friday's, Red Frog Coffee, and Petco are close to the hotels he stays at in the area and are close to the heavy equipment auction and dealerships he visits.

30.     The Plaintiff likes to shop at Michaels to look at crafts and small items for his home, and since Michaels is a chain, he generally knows that it carries what he likes.

31.     The Plaintiff plans to return to Michaels to shop again.

32.     While traveling, the Plaintiff likes to enjoy coffee at cafes like Red Frog Coffee in Harvest Junction South.

33.    The Plaintiff would like to return to Red Frog Coffee to enjoy its coffee again.

34.    The Plaintiff likes the food and menu at TGI Friday's in Harvest Junction South. Since it is a well-known chain, he knows what quality and prices to expect there.

35.    The Plaintiff plans to return to eat at TGI Friday's again.

36.    The Plaintiff likes to shop at Ross Dress for Less because he knows its prices are reasonable, and since Ross Dress for Less is a chain, he generally knows that it carries what he likes.

37.    The Plaintiff plans to return to Ross Dress for Less to shop again.

38.    The Plaintiff likes to browse the aisles and to shop at Lowe's for small tools, batteries and other items he may need while traveling and for his personal use.

39.    The Plaintiff plans to return to Lowe's to shop again.

40.    The Plaintiff likes to shop at stores like Petco to buy treats and toys for his neighbor's cat.  His daughter loves to play with his neighbor's cat that often comes inside his house.

41.    The Plaintiff plans to return to Petco to shop again.

42.    For the reasons set forth in paragraphs 17-41 and 55, Fred Nekouee plans to return to Harvest Junction South, and its stores, shops and restaurants.

43.    The Plaintiff has encountered architectural barriers at the subject property.

44.    The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms in Michaels, Ross Dress for Less, Lowe's, Petco, and Red Frog Coffee.

45.    The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not

nearly flat.

46.     The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

47.     Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

48.     On his visit to Harvest Junction South, the Plaintiff encountered excessively steep slopes in its parking lot.

49.     The Plaintiff encountered and observed barriers to access at and in the men's restroom in Lowe's; and so, he also tried to use the women's restroom in Lowe's, in which women's restroom he also encountered and observed barriers to access.   After using the women's restroom in Lowe's he checked out the unisex restroom in Lowe's to see if it was more accessible than the others.

50.     The Plaintiff encountered and observed barriers to access at and in the men's restroom in Petco; and so, he also checked out the women's restroom in Petco, in which women's restroom he also encountered and observed barriers to access.

51.     The Plaintiff encountered and observed barriers to access the men's restroom in Ross Dress for Less; and so, he also tried to use the women's restroom in Ross Dress for Less, in which women's restroom he also encountered and observed barriers to access.

52.     The Plaintiff encountered and observed barriers to access the men's restroom in Michaels; and so, he also tried to use the women's restroom in Michaels, in which women's restroom he also encountered and observed barriers to access.

53.     The Plaintiff is deterred from visiting Harvest Junction South even though he enjoys

its  food, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

54.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 59 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

55.     Fred Nekouee desires to visit Harvest Junction South not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

56.     The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

57.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

58.     Preliminary inspections of Harvest Junction South, Michaels, Ross Dress for Less, Lowe's and Petco have shown that violations of the ADA exist.

59.     The violations of the ADA that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a.   The van accessible parking space in front of Michaels shown in the photographs below is only about 109 inches wide and less than 132 inches wide, and the adjoining access aisle is only about 60 inches wide.   The Plaintiff observed this condition.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2, 502.3.





b.   The van accessible parking space in front of Michaels shown in the photographs below is about 107 inches wide and less than 132 inches wide, and the access aisle adjoining this space is only about 60 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3.   The Plaintiff observed

this condition. The action required to restripe or relocate this parking space is easily accomplishable and able to be carried out without much difficulty or expense.





c. The van accessible parking space in front of Petco shown in the photographs below is about 108 inches wide and less than 132 inches wide, and the access aisle adjoining this space is only about 58 inches wide. This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3. The Plaintiff observed this condition. The action required to restripe or relocate this parking space is easily accomplishable and able to be carried out without much difficulty or expense.









d.   The van accessible parking space in front of Petco shown in the photographs below is about 108 inches wide and less than 132 inches wide, and the access aisle adjoining this space is only about 60 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3.   The Plaintiff observed this condition, and it deters him from visiting Petco and Harvest Junction South.   The action required to restripe or relocate this parking space and access aisle is easily accomplishable and able to be carried out without much difficulty or expense.





e.    The van accessible parking space in front of Lowe's Garden Center shown in the photographs below is about 108 inches wide and less than 132 inches wide, and the access aisle adjoining this space is only about 60 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3.   The Plaintiff observed this condition.   The action required to restripe or relocate this parking spaces and access aisle is easily accomplishable and able to be carried out without much difficulty or expense.





f.     The van accessible parking space in front of Lowe's Garden Center shown in the photographs below is about 110 inches wide and less than 132 inches wide, and the access aisle adjoining this space is only about 60 inches wide.   This parking space is less than the minimum required width of 132 inches (3350 mm) when the access aisle width is 60 inches,

in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3.   The Plaintiff observed

this condition.   The action required to restripe or relocate this parking space and access

aisle is easily accomplishable and able to be carried out without much difficulty or expense.





g.   The parking spaces with signage designating them as van accessible in front of the

main entrance to Lowe's are all between about 106 to 111 inches wide and less than 132

inches wide, with access aisles next to each such parking space that are all between about 55 to 60 inches wide.   These parking spaces are less than the minimum required width of 132 inches (3350 mm) when the access aisle widths are 60 inches, and an access aisle is less than 60 inches wide, in violation of Federal Law 2010, ADAAG §§ 502.2 and 502.3. The Plaintiff observed this condition, and it deters him from visiting Lowes.   The action required to restripe or relocate these parking spaces and access aisles is easily accomplishable and able to be carried out without much difficulty or expense.

h.   In the parking lot, the parking space for disabled patrons in front of and closest to Twisted Noodle has a running slope as steep as a bout 1:32.3 (3.1%) and steeper than a slope of 1:48 (2%).   This slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed this condition, and it deters him from visiting Twisted Noodle and Harvest Junction South.

i.   In the parking lot, the parking space for disabled patrons in directly in front of T-Mobile and Twisted Noodle has a running slope as steep as about 1:27.8 (3.6%) and steeper than slope of 1:48 (2%).   This slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed this condition.

j.   In the parking lot, the running slope of the access aisle serving the disabled parking spaces in front of T-Mobile and Twisted Noodle is as steep as about 1:22.7 (4.4%) and steeper than a slope of 1:48 (2%).   This slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed this condition.

k.   In the parking lot, the front section of the parking space for disabled patrons in

front of Michaels shown in the photographs below has a running slope as steep as about 1:28.6 (3.5%) and steeper than a slope of 1:48 (2%).   This slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4. The Plaintiff encountered this slope and it made it difficult for him to unload from and load into his vehicle.





l.      In the parking lot, the running slope of the front section of the access aisle serving the disabled parking spaces in front of Michaels shown in the photographs below is as steep as about 1:23.3 (4.3%) and steeper than a slope of 1:48 (2%).   This slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG §

502.4.   The Plaintiff encountered this steep slope while moving in his wheelchair, and it made his wheelchair unstable.   The action required to reduce the slope in this access aisle is easily accomplishable and able to be carried out without much difficulty or expense.





m.   The cross slope of the walking surface on the accessible route in front of Ross Dress for Less and before the ramp towards Michaels is as steep as 1:33.3 (3%) and steeper

than a cross slope of 1:48 (2%).   This cross slope is steeper than 1:48 (2%), in violation of Federal Law 2010, ADAAG § 403.3.   The Plaintiff encountered this cross slope while moving in his wheelchair, and it made his wheelchair unstable.

n.   The cross slope of the walking surface on the accessible route towards Topper's Pizza is as steep as 1:15.2 (6.6%) and steeper than a cross slope of 1:48 (2%).   This cross slope is steeper than the maximum allowed cross slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 403.3.   The Plaintiff observed this condition, and it deters him from visiting Topper's Pizza and Harvest Junction South.

o.   The counter slope of the gutter adjoining the road surface and immediately adjacent to the curb ramp in front of Petco is as steep as 1:11.1 (9%) and steeper than a slope of 1:20 (5%).   The counter slope of this gutter is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010, ADAAG § 406.2.   While moving in his wheelchair, the Plaintiff encountered this slope and he required assistance to move over it in his wheelchair.

p.   The Plaintiff observed and encountered other cross slopes and running slopes in parking spaces for disabled patrons and access aisles that are steeper than a slope of 1:48 (2%).

**MEN'S RESTROOM IN LOWE'S**

q.   The force needed to open the men's restroom door in Lowe's is about 10 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   Due to the force necessary to open the door to this men's restroom, the Plaintiff required

assistance to open this door and to enter the men's restroom.   The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

r.   In the men's restroom in Lowe's, a door pull is not provided on both sides of the accessible toilet compartment door near the latch.   This condition is in violation of Federal Law 2010, ADAAG § 604.8.1.2.   The Plaintiff observed this condition, and it deters him from visiting Lowe's.   The action required to install a door pull on both sides of this door near the latch is easily accomplishable and able to be carried out without much difficulty or expense.

s.   In the men's restroom in Lowe's, the wall mounted hand dryer is about 43 inches above the finish floor and it protrudes horizontally into the circulation path about 7 inches and more than 4 inches.   This paper towel dispenser has a leading edge more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor and protrudes horizontally into the circulation path more than 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2.   The Plaintiff encountered the position of this hand dryer, and it deters him from visiting Lowe's.   The action required to replace or move this hand dryer is easily accomplishable and able to be carried out without much difficulty or expense.

t.   In the men's restroom in Lowe's, the centerline of the toilet paper dispenser in the accessible toilet compartment is not between 7 inches and 9 inches from the front of the toilet.   This condition is in violation of Federal Law 2010, ADAAG § 604.7.   The Plaintiff observed this condition, and it deters him from visiting Lowe's.   The action required to move this toilet paper dispenser is easily accomplishable and able to be carried

out without much difficulty or expense.

u.   In the men's restroom in Lowe's, the toilet seat cover dispenser outlet is about 51 inches above the floor and higher than 48 inches above the floor.   The toilet seat cover dispenser outlet is higher than 48 inches above the finish floor and outside the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.1. The Plaintiff observed this condition, and it deters him from visiting Lowe's and from using the men's restroom there.   The action required to move this toilet seat cover dispenser to a proper height and location is easily accomplishable and able to be carried out without much difficulty or expense.

v.   In the men's restroom in Lowe's, the coat hook on the accessible toilet compartment is about 53 inches above the floor and higher than 48 inches above the floor. This coat hook is higher than 48 inches above the finish floor and outside the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 603.4.   The Plaintiff observed this condition, and it deters him from visiting Lowe's and from using the men's restroom there.   The action required to move this coat hook to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

w.   In the men's restroom in Lowe's, one of the liquid soap dispensers is about 54 inches above the floor and another one is about 56 inches above the floor, and both are higher than 48 inches above the floor.   These liquid soap dispensers are higher than 48 inches above the finish floor and outside the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.2.   The Plaintiff observed the height of these dispensers above the floor, and it deters him from visiting Lowe's and from using the men's restroom there.   The action required to move these liquid soap dispensers to a

proper height is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN LOWE'S**

x.     In the women's restroom in Lowe's, the wall-mounted hand dryer is about 41 inches above the finish floor and it protrudes horizontally into the circulation path more than 4 inches.   This wall-mounted hand dryer has a leading edge more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor and protrudes horizontally into the circulation path more than 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2.   The Plaintiff encountered this wall-mounted hand dryer while moving in his wheelchair, and was at risk of a head injury due to its horizontal protrusion into the circulation path between the sinks and accessible toilet compartment. The action required to replace or move this hand dryer outside of the circulation path is easily accomplishable and able to be carried out without much difficulty or expense.

y.     In the women's restroom in Lowe's, the toilet paper dispenser centerline is about 11 inches from the front of the toilet or water closet and not between 7 and 9 inches from the font of the water closet.   The centerline of this toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010, ADAAG § 604.7.   Due to the position of the toilet paper dispenser, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet.   The action required to move this toilet paper dispenser to a proper location is easily accomplishable and able to be carried out without much difficulty or expense.

z.     In the women's restroom in Lowe's, the toilet seat cover dispenser outlet is about 55 inches above the floor and higher than 48 inches above the floor.   This toilet seat cover

dispenser is higher than 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.1.   Due to the height of this outlet above the floor, from his wheelchair, the Plaintiff could not reach a toilet seat cover from this dispenser.   The action required to move this toilet seat cover dispenser to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

   aa.   In the women's restroom in Lowe's, the accessible toilet compartment does not have the flush control mounted on the open and wide side of the clear floor space as shown in the photograph below.   This condition is in violation of Federal Law 2010, ADAAG § 604.6.   Due to the location of the flush control, the Plaintiff could not flush the toilet by himself.   The action required to have the flush control mounted on the open and wide side of the clear floor space is easily accomplishable and able to be carried out without much difficulty or expense.



   bb.   In the women's restroom in Lowe's, the operation of the door latch to the

accessible toilet compartment requires tight grasping or pinching.   This condition is in violation of Federal Law 2010, ADAAG §§ 309.4 and 404.2.7.   The Plaintiff could not close this latch with a closed fist or loose grip and, as a result, could not fully close the door to this compartment.   The action required to replace this door latch is easily accomplishable and able to be carried out without much difficulty or expense.

cc.   In the women's restroom in Lowe's, the coat hook in the accessible toilet compartment is about 53 inches above the floor and higher than 48 inches above the floor. This coat hook is higher than 48 inches above the finish floor and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 603.4.   The Plaintiff observed the height of this coat hook.   The action required to move this coat hook to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

dd.   In the women's restroom in Lowe's, a door pull is not provided on both sides of the accessible toilet compartment door near the latch.   This condition is in violation of Federal Law 2010, ADAAG § 604.8.1.2.   The Plaintiff encountered this condition in his wheelchair, and due to it, he could not fully close to the door to the toilet compartment. The action required to install a door pull on both sides of this door near the latch is easily accomplishable and able to be carried out without much difficulty or expense.

**UNISEX RESTROOM IN LOWE'S**

ee.   In the unisex restroom in Lowe's, the wall-mounted hand dryer is about 42 inches above the finish floor and it protrudes horizontally into the circulation path more than 4 inches.   This wall-mounted hand dryer has a leading edge more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor and protrudes horizontally

into the circulation path more than 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2.   The Plaintiff encountered this wall-mounted hand dryer while moving in his wheelchair, and was at risk of a head injury due to its horizontal protrusion into the circulation path.   The action required to replace the type of hand dryer or to move this hand dryer out of the circulation path is easily accomplishable and able to be carried out without much difficulty or expense.

ff.   In the unisex restroom in Lowe's, the paper towel dispenser twist lever is about 56 inches above the floor and higher than 48 inches above the floor.   This paper towel dispenser twist lever is higher than 48 inches (1220 mm) above the finish floor and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG 308.2.1.   The Plaintiff observed this condition, and it deters him from visiting Lowe's.   The action required to move this paper towel dispenser to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

gg.   In the unsex restroom in Lowe's, the toilet seat cover dispenser outlet is about 57 inches above the floor and higher than 48 inches above the floor.   This toilet seat cover dispenser outlet is higher than 48 inches above the finish floor and outside the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.1. The Plaintiff observed the height of this toilet seat cover dispenser outlet above the floor, and it deters him from visiting Lowe's.   The action required to move this toilet seat cover dispenser outlet to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

hh.   In the unisex restroom in Lowe's, the liquid soap dispenser is about 54 inches above the floor and higher than 48 inches above the floor.   This liquid soap dispenser is

higher than 48 inches (1220 mm) above the finish floor and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.2.   The Plaintiff observed this condition, and it deters him from visiting Lowe's.   The action required to move this liquid soap dispenser to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN PETCO**

ii.    The force needed to open the men's restroom door in Petco is about 11 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   Due to the force necessary to open the door to this men's restroom, the Plaintiff required assistance to open this door and to enter the men's restroom.   The action required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

jj.   In the men's restroom in Petco, the rear wall grab bar in the accessible toilet compartment only extends about 15 inches and 21 inches from the centerline of the water closet.   This rear wall grab bar does not extend a minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side from the centerline of the water closet, in violation of Federal Law 2010, ADAAG § 604.5.2.   Due to its position and length, the Plaintiff had difficulty using this rear wall grab bar to transfer himself from his wheelchair to the toilet.   The action required to replace and correctly position this rear wall grab bar is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN PETCO**

kk.   The force needed to open the women's restroom door in Petco is about 7 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   Due to the force necessary to open the door to this women's restroom, the Plaintiff had difficulty opening this door.   The action required to reduce the force needed to open this door is easily accomplishable and able to be carried out without much difficulty or expense.

ll.   In the women's restroom in Petco, the restroom door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is blocked by a trash can and is less than a clearance of 18 inches.   This door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   Care must be taken in the form of a written policy not to block this clearance space with trash cans.   Due to the location of this trash can in this clearance space, the Plaintiff required assistance to exit the women's restroom in Petco.

mm.   In the women's restroom in Petco, the flush control on the toilet in the accessible toilet compartment is not mounted on the open and wide side of the clear floor space.   This condition is in violation of Federal Law 2010, ADAAG § 604.6.   The Plaintiff observed this condition.   The action required to place the flush control on the open and wide side of the clear floor space is easily accomplishable and able to be carried out without much difficulty or expense.

nn.   In the women's restroom in Petco, the rear-wall grab bar in the accessible toilet compartment only extends about 15 inches and 21 inches from the centerline of the water

closet.   This rear wall grab bar does not extend a minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side from the centerline of the water closet, in violation of Federal Law 2010, ADAAG § 604.5.2.   The Plaintiff observed this condition. The action required to place a rear-wall grab bar of proper dimensions in this restroom is easily accomplishable and able to be carried out without much difficulty or expense.

oo.   In the women's restroom in Petco, as shown in the photograph below, the lavatory pipes under the sink are not fully insulated.   This condition is in violation of Federal Law 2010, ADAAG §§ 606.3 and 606.5.   Due to this lack of insulation, the Plaintiff was at risk of skin burns and injury to his legs when he used this sink to wash his hands.   The action required to fully insulate these lavatory pipes under this sink is easily accomplishable and able to be carried out without much difficulty or expense.



**MEN'S RESTROOM IN RED FROG COFFEE**

pp.   The force needed to open the men's restroom door in Red Frog Coffee is about 12 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. Due to the force necessary to open this door to the men's restroom, the Plaintiff required assistance to open this door.   The action required to reduce the force needed to open this door is easily accomplishable and able to be carried out without much difficulty or expense.

qq.   In the men's restroom in Red Frog Coffee, the restroom door push side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is blocked by a trash can and is less than a clearance of 12 inches.   This door push side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is less than the minimum required clearance of 12 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   Care must be taken in the form of a written policy not to block this clearance space with trash cans.   Due to the location of this trash can in this clearance space, the Plaintiff required assistance to exit the men's restroom in Red Frog Coffee.

rr.   In the men's restroom in Red Frog Coffee, the space between the bottom of the side wall grab bar in the accessible toilet compartment and the toilet paper dispenser below it is about 0.25 of an inch and less than 1.5 inches.   As shown in the photographs below, the space between this side wall grab bar and the toilet paper dispenser below it is less than a minimum of 1.5 inches.   This condition is in violation of Federal Law 2010, ADAAG §§ 604 and 609.3.   Due to the this lack of space between the side wall grab bar and the toilet paper dispenser, the Plaintiff had difficulty using the side wall grab bar to transfer himself from the toilet back to his wheelchair.   The action required to move this toilet

paper dispenser is easily accomplishable and able to be carried out without much difficulty or expense.





ss.   In the men's restroom in Red Frog Coffee, the lavatory clear floor space is blocked by a trash can and is less than the minimum required width of 30 inches.   The lavatory

clear floor space is less than 30 inches, in violation of Federal Law 2010, ADAAG §§ 606.2 and 305.5.   Due to the trash can blocking access to the lavatory, the Plaintiff required assistance to access the sink in his wheelchair.   Care must be taken in the form of a written policy not to block this clear floor space with trash cans.

tt.     In the men's restroom in Red Frog Coffee, the coat hook is about 60 inches above the floor and higher than 48 inches above the floor.   This coat hook is higher than 48 inches above the finish floor and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 603.4.   The Plaintiff observed the height of this coat hook above the floor.   The action required to move this coat hook to a proper height is easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN ROSS DRESS FOR LESS**

uu.     The force needed to open the men's restroom door in Ross Dress for Less is about 8 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   Due to the force necessary to open this door to the men's restroom, the Plaintiff had difficulty opening this door.   The action required to reduce the force needed to open this door is easily accomplishable and able to be carried out without much difficulty or expense.

vv.     The time for the shared fitting room/restroom door in Ross Dress for Less to close from an open position of 90 degrees to 12 degrees from the latch is only about 3 seconds and less than 5 seconds.   This condition is in violation of Federal Law 2010, ADAAG §

404.2.8.1.   Once this door was opened, the Plaintiff could not move through this doorway in his wheelchair before the door closed on his wheelchair.   The action required to slow the closure of this door is easily accomplishable and able to be carried out without much difficulty or expense.

ww.      In the men's restroom in Ross Dress for Less, the restroom door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is blocked by a trash can and is less than a clearance of 18 inches.   This door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   Care must be taken in the form of a written policy not to block this clearance space with trash cans.   Due to the location of this trash can in this clearance space, the Plaintiff required assistance to exit the men's restroom in Ross Dress for Less.

xx.   In the men's restroom in Ross Dress for Less, a door pull is not provided on both sides of the door to the accessible toilet compartment near the latch.   This condition is in violation of Federal Law 2010, ADAAG § 604.8.1.2.   Due to this condition, the Plaintiff had difficulty operating this door and he could not fully close it.   The action required to provide a door pull on both sides of this door near the latch is easily accomplishable and able to be carried out without much difficulty or expense.

yy.   In the men's restroom in Ross Dress for Less, the wall-mounted hand dryer has a leading edge about 39 inches above the finish floor and it protrudes horizontally into the circulation path more than 4 inches.   This wall-mounted hand dryer has a leading edge more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor and protrudes horizontally into the circulation path more than 4 inches (100 mm), in

violation of Federal Law 2010, ADAAG § 307.2.   The Plaintiff encountered this wall-mounted hand dryer while moving in his wheelchair, and was at risk of a head injury due to its horizontal protrusion into the circulation path.   The action required to replace the type of hand dryer or to move this hand dryer out of the circulation path is easily accomplishable and able to be carried out without much difficulty or expense.

zz.    In the men's restroom in Ross Dress for Less, as shown in the photograph below, the space between the top of the rear wall grab bar and the bottom of the toilet seat cover dispenser above it is about 6.5 inches and less than 12 inches.   The space between the top of this rear wall grab bar and the bottom of the toilet seat cover dispenser above it is less than the minimum required space of 12 inches, in violation of Federal Law 2010, ADAAG § 609.3.   The Plaintiff encountered this condition, and it made it difficult for him to use the rear wall grab bar to transfer himself from his wheelchair to the toilet.   The action required to move this toilet seat cover dispenser to a proper position is easily accomplishable and able to be carried out without much difficulty or expense.



aaa.        In the men's restroom in Ross Dress for Less, the centerline of the toilet paper dispenser in the accessible toilet compartment is not between 7 and 9 inches from the front of the toilet.  This condition is in violation of Federal Law 2010, ADAAG § 604.7.  Due to its location, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet.   The action required to move this toilet paper dispenser to a proper position is easily accomplishable and able to be carried out without much difficulty or expense.

bbb.        In the men's restroom in Ross Dress for Less, the coat hook in the accessible toilet compartment is about 59 inches above the floor and higher than 48 inches above the floor.   This coat hook is higher than 48 inches above the finish floor and outside the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 603.4. The Plaintiff observed the height of this coat hook above the floor.   The action required to move this coat hook to a proper height is easily accomplishable and able to be carried out

without much difficulty or expense.

### WOMEN'S RESTROOM IN ROSS DRESS FOR LESS

ccc.     The force needed to open the women's restroom door in Ross Dress for Less is about 8 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   Due to the force necessary to open this door to the women's restroom, the Plaintiff had difficulty opening this door.   The action required to reduce the force needed to open this door is easily accomplishable and able to be carried out without much difficulty or expense.

ddd.     In the women's restroom in Ross Dress for Less, a door pull is not provided on both sides of the accessible toilet compartment door near the latch.   This condition is in violation of Federal Law 2010, ADAAG § 604.8.1.2.   Due to the lack of a door pull on outside of this door, the Plaintiff had difficulty operating this door.   The action required to place a door pull on this door near the latch is easily accomplishable and able to be carried out without much difficulty or expense.

eee.     In the women's restroom in Ross Dress for Less, the wall-mounted hand dryer has a leading edge about 42 inches above the finish floor and it protrudes horizontally into the circulation path more than 4 inches.   This wall-mounted hand dryer has a leading edge more than 27 inches (685 mm) and not more than 80 inches (2030 mm) above the finish floor and protrudes horizontally into the circulation path more than 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2.   The Plaintiff encountered this wall-mounted hand dryer while moving in his wheelchair, and was at risk of a head injury

due to its horizontal protrusion into the circulation path.   The action required to replace the type of hand dryer or to move this hand dryer out of the circulation path is easily accomplishable and able to be carried out without much difficulty or expense.

fff.   In the women's restroom in Ross Dress for Less, the space between the top of the rear wall grab bar and the toilet seat cover dispenser above it is about 8 inches and less than 12 inches.   The space between the top of the rear wall grab bar and the bottom of the toilet seat cover dispenser above it is less than the minimum required space of 12 inches, In violation of Federal Law 2010, ADAAG § 609.3.   Due to this lack of space between the rear wall grab bar and the toilet paper dispenser above it, the Plaintiff had difficulty using the rear wall grab bar to transfer himself from his wheelchair to the toilet.   The action required to move this toilet paper dispenser to a proper location is easily accomplishable and able to be carried out without much difficulty or expense.

ggg.   In the women's restroom in Ross Dress for Less, the centerline of the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   This condition is in violation of Federal Law 2010, ADAAG § 604.7.   Due to the location of this toilet paper dispenser, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet.   The action required to move this toilet paper dispenser or to replace it with a proper model is easily accomplishable and able to be carried out without much difficulty or expense.

hhh.   In the women's restroom in Ross Dress for Less, the coat hook in the accessible toilet compartment is about 58 inches above the floor and higher than 48 inches above the floor.   This coat hook is higher than 48 inches above the finish floor and outside the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG

§ 603.4.   The Plaintiff observed the height of this coat hook above the floor, and it deters him from visiting Ross Dress for Less.   The action required to move this coat hook to a proper height above the finish floor is easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN MICHAELS**

iii.   The force needed to open the men's restroom door in Michaels is about 8 pounds and more than 5 pounds.   The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   Due to the force necessary to open this door to the men's restroom, the Plaintiff had difficulty opening this door.   The action required to reduce the force needed to open this door is easily accomplishable and able to be carried out without much difficulty or expense.

jjj.   In the men's restroom in Michaels, there is almost no space and less than 1.5 inches of space between the bottom of the side wall grab bar and the top of the toilet paper dispenser.   The space between the bottom of the side wall grab bar and the top of the toilet paper dispenser is less than the minimum required space of 1.5 inches, in violation of Federal Law 2010, ADAAG §§ 604 and 609.3.   Due to this condition, the Plaintiff had great difficulty using this side wall grab bar to transfer himself from his wheelchair to the toilet and back again.   The action required to move this toilet paper dispenser to a proper position is easily accomplishable and able to be carried out without much difficulty or expense.

kkk.   In the men's restroom in Michaels, the location of where the toilet paper is dispensed is not between 7 and 9 inches from the front of the toilet.   The centerline of the

toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010, ADAAG § 604.7. Due to the location of the toilet paper, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet. The action required to move this toilet paper dispenser to a proper position is easily accomplishable and able to be carried out without much difficulty or expense.

### WOMEN'S RESTROOM IN MICHAELS

lll.     The force needed to open the women's restroom door in Michaels is about 9 pounds and more than 5 pounds. The force needed to open this door is greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. Due to the force necessary to open this door to the women's restroom, the Plaintiff had difficulty opening this door. The action required to reduce the force needed to open this door is easily accomplishable and able to be carried out without much difficulty or expense.

mmm.     In the women's restroom in Michaels, there is about 0.5 inches of space and less than 1.5 inches of space between the bottom of the side wall grab bar and the top of the toilet paper dispenser. The space between the bottom of this side wall grab bar and the top of the toilet paper dispenser is less than the minimum required space of 1.5 inches, in violation of Federal Law 2010, ADAAG §§ 604 and 609.3. Due to this condition, the Plaintiff had great difficulty using this side wall grab bar to transfer himself from his wheelchair to the toilet and back again. The action required to move this toilet paper dispenser to a proper position is easily accomplishable and able to be carried out without much difficulty or expense.

60.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

61.   The discriminatory violations described in paragraph 59 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

62.   The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

63.   Defendants have discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

64.   Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take

such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

65. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

66. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

67. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

68. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

69. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter Harvest Junction South, Michaels, Ross Dress for Less, Lowe's, and Petco and the parking lot, access aisles and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## **<u>DESIGNATION OF PLACE OF TRIAL</u>**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____ _____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*